TITLE GUARANTEE & TRUST COMPANY, Plaintiff, *v.* BELLA CORN and Others, Defendants.

Supreme Court, Special Term, Kings County, May 9, 1936.

*Benjamin J. Rabin*, for the motion.

*Irving S. Finkston*, opposed.

McLAUGHLIN (ALONZO G.), J. Section 1083-a of the Civil Practice Act provides that a mortgagee may move for a deficiency judgment " simultaneously with the making of a motion for an order confirming the sale or within ninety days after the date of the consummation of the sale."

The above provision contemplates in a case where the mortgagee has made a motion to confirm the referee's report of sale, although no application for a deficiency is sought, that in such event no deficiency judgment is available to the mortgagee unless he applies for the same within ninety days subsequent to the consummation of the sale. On the other hand, where the sale has been consummated but no motion thereafter made to confirm the referee's report, the mortgagee is not limited with respect to the time in which to apply for a deficiency except that such application must be made " simultaneously " with the motion to confirm.

It will be observed that the above provision contains no limitation of time within which a mortgagee may move to confirm the report of sale. Further, section 1082 of the Civil Practice Act expressly provides that " an application for confirmation of the report of sale

[except in a case where surplus moneys have resulted from the sale] may be made at any time after the report shall have been filed eight days."

Irrespective, therefore, of the lapse of time, even though it extend beyond a ninety-day period or even a greater period, the mortgagee may move for the confirmation and thereupon "simultaneously" apply for a deficiency. The use in the statute of the disjunctive expression " or " clearly indicates the correctness of the above conclusion. It indicates two distinct statutory alternatives; one relating to a case where there has been no confirmation of the referee's report, and the other to a case where apparently the referee's report of sale has been confirmed after a consummation of the sale. In the first alternative, the time to move for a deficiency is limited only by the requirement that such motion be made " simultaneously " with the application to confirm the referee's report of sale; in the second alternative, the time in which to move for a deficiency is specifically limited to the ninety-day period prescribed in the statute.

It is my view, as expressed in the original memorandum, that the plaintiff in any event properly moved within the ninety-day period. Assuming, however, that the motion was not made within the ninety-day period, nevertheless, in accordance with the views herein expressed, it was timely brought since the application was " simultaneous " with the motion to confirm the report of sale.

Motion for reargument granted. On reargument, original decision adhered to.